This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38786

**ALFONSO CHACON, Jr.,**

Petitioner-Appellee,

v.

**ORLINDA V. CHACON,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Maria Sanchez-Gagne, District Judge**

Yvonne K. Quintana
Espanola, NM

for Appellee

Orlinda V. Chacon
Ojo Caliente, NM

Pro Se Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Respondent appeals the denial of spousal support in this dissolution proceeding. This Court issued a notice of proposed summary disposition proposing to affirm the district court's final decree and Respondent has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** With regard to the issues raised in her docketing statement, we note that the award of spousal support involves an exercise of discretion that is guided by a consideration of multiple factors. *See Michaluk v. Burke*, 1987-NMCA-044, ¶ 7, 105 N.M. 670, 735 P.2d 1176 (listing factors). Respondent's docketing statement also

asserted error in the exclusion of some expert testimony, although without an explanation of the basis of that evidentiary ruling. As a result, this Court's notice of proposed summary disposition pointed out that we are unable to review the error Respondent is asserting until Respondent informs us of the facts surrounding that alleged error. Specifically, we instructed Respondent that:

> In any memorandum in opposition to this summary disposition that Respondent chooses to file, she should ensure that she includes a concise summary of "all facts material to a consideration of the issues presented." Rule 12-208(D)(3). Based upon the issues raised in her docketing statement, those facts would include, at a minimum, what evidence was offered to establish all of the factors involved in the award of spousal support and the basis of the district court's evidentiary ruling regarding an expert witness, including any objection to that testimony argued by Husband.

[CN 5-6]

{3}     Unfortunately, Respondent's memorandum in opposition to summary disposition does not summarize any of the evidence offered or relied upon by the district court in assessing the propriety of spousal support in this case. As a result, this Court remains in the same position it was in prior to receiving Respondent's memorandum: "in the absence of any discussion of the parties' respective needs or Husband's earning capacity, we cannot conclude that the district court abused its discretion by not awarding spousal support." [CN 4]

{4}     Similarly, Respondent's memorandum does not address the evidentiary error alleged in her docketing statement. Because we are still unaware of the district court's grounds for excluding the testimony at issue, we remain unable "to assess whether the district court abused its discretion in doing so." [CN 5] Ultimately, Respondent has not met her burden on appeal of explaining the errors she would have us correct, leaving us in no position to reverse the rulings and decision of the district court. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact").

{5}     Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the decree of the district court.

{6}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**